IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELEN MARIE WELLS,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 25-cv-06522<br><br>**Judge Matthew F. Kennelly** |

**FINAL DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff HELEN MARIE WELLS ("Wells" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Wells having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

Wells having properly completed service of process on Defaulting Defendants, the combination of providing notice via e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Wells has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Wells's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-413-282 (the "Helen Wells Work") to residents of Illinois. In this case, Wells has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Helen Wells Work. *See* Docket No. [13-1], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Helen Wells Work.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Wells's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Helen Wells Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Helen Wells product or not authorized by Wells to be sold in connection with the Helen Wells Work;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Helen Wells product or any other product produced by Wells, that is not Wells's or not produced under the authorization, control, or supervision of Wells and approved by Wells for sale under the Helen Wells Work;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Wells, or are sponsored by, approved by, or otherwise connected with Wells; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Wells, nor authorized by Wells to be sold or offered for sale, and which bear any of Wells's copyrights, including the Helen Wells Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online

        marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Helen Wells Work; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Helen Wells Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Helen Wells product or not authorized by Wells to be sold in connection with the Helen Wells Work.

3. Upon Wells's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Helen Wells Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Wells is awarded statutory damages from each of the Defaulting Defendants in the amount of fifty thousand dollars ($50,000) for willful use of the infringing Helen Wells Work on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and First Amended Schedule A.

5.  Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, Temu, and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6.  All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, Temu, and Walmart, are hereby released to Wells as partial payment of the above-identified damages, and Third Party Providers, including Amazon, Temu, and Walmart, are ordered to release to Wells the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7.  Until Wells has recovered full payment of monies owed to Plaintiff by any Defaulting Defendant, Wells shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8.  In the event that Wells identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Wells may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Judgment.

Dated: 8/6/2025

_____
Matthew F. Kennelly
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | XOWRTE |
| 2 | Hazzigo |
| 3 | ███ |
| 4 | ███ |
| 5 | Ceboyel |
| 6 | Prime Day Deals Today 2024 (Up To 50% Off Sale) |
| 7 | Cugoodte |
| 8 | YUANZHIQUAN |
| 9 | Costaric Fashion Clothing |
| 10 | RUIZHIRUI |
| 11 | LCKUS |
| 12 | LAYAN B |
| 13 | BCDshop |
| 14 | StarEasonsu |
| 15 | INESVER |
| 16 | FZYLQY |
| 17 | guojinchao630 |
| 18 | Xinghongyu |
| 19 | Josdec |
| 20 | ███ |
| 21 | ███ |
| 22 | Clothing Wholesaler |
| 23 | ███ |
| 24 | Royallove |
| 25 | Phenhua Clothing |
| 26 | 33uoii |
| 27 | Julyjwx |